UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

| | |
|---|---|
| MELVIN DONEGAL, | CIVIL ACTION |
| Plaintiff | NO. |
| VS. | |
| METRO-NORTH RAILROAD COMPANY, | |
| Defendant | |

_____X

## COMPLAINT

## NATURE OF ACTION

1. The plaintiff brings this action against the defendant for injuries suffered by him while in the employ of the defendant Railroad.

## JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

## PARTIES

3. The plaintiff is domiciled in Hamden, Connecticut.

4. The defendant, Metro-North Railroad Company, is a railroad corporation duly established by law, and having a usual place of business in New York, New York.

## FACTS

5. During all times herein mentioned, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, New York, and New Haven, Connecticut.

6. At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as a Signal Maintainer and/or Assistant Inspector at or about Milford, Connecticut.

7. At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8. On or about August 20, 2019, the plaintiff was engaged in his duties as a Signal Maintainer and/or Assistant Inspector at or about Milford, Connecticut, which yard, work areas, trucks, transformers, bars, pipes, cranks, ratches systems and all other equipment, tools, materials, and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant corporation.

9. At the time the plaintiff received the injuries complained of, he was cranking a switch during a periodic test and injured his right shoulder.

10. At the time the plaintiff received the injuries complained of the defendant Railroad was responsible for providing the plaintiff with a reasonably safe place to work.

11. The defendant Railroad, its agents, servants, and employees were negligent in one or more of the following ways:

(a) it failed to provide reasonably safe premises, rails, ballast, track structure, and switches; and/or

(b) it failed to properly inspect and/or maintain its premises, rails, ballast, track structure, and switches; and/or

(c) it failed to properly train the plaintiff and/or his co-workers how to test switches; and/or

(d) it failed to warn the plaintiff of the dangerous condition; and/or

(e) it failed to utilize or adopt proper policies, procedures or guidelines for testing switches; and/or

(f) it violated Safety Rule 200.2 (Supervisor Responsibilities); and/or

(g) it violated Safety Rule 200.6 (Job Safety Briefing); and/or

(h) it failed to properly tamp the ballast around the switch; and/or

(i) it failed to use a tamper to pack the ballast under the railroad ties; and/or

(j) it failed to modify the track bed around and/or under the switch to prevent the rail from sagging and/or dropping; and or

(k) it failed to have a practice of using battery operated drills to operate the switches; and/or

(l) it failed to have a rule or procedure requiring use of battery-operated drills to operate the switches; and/or

(m) it failed to act in a reasonably prudent manner under the facts and circumstances surrounding the event; and/or

(n) it failed to provide the plaintiff with a reasonably safe place to work.

12. As a result of the negligence of the defendant Railroad, its agents, servants, or employees, the plaintiff injured his right shoulder.

13. As a result of the said injuries, the plaintiff has suffered and will suffer lost wages and benefits, incurred medical expenses, suffered physical pain and mental anguish and will continue to do so in the future, suffered permanent scarring and disfigurement, and has an impairment to his future earning capacity and/or impaired economic horizons.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for monetary damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

By his attorneys,

By _____
Scott E. Perry (ct17326)
CAHILL & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Telephone: (203) 777-1000
Fax: (203) 865-5904